(Pleito No. 48.—Fallado el 8 de Mayo de 1900.)

## CAPARRÓS contra GONZÁLEZ.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Mayagüez.

RECIBIMIENTO Á PRUEBA. Una vez admitida una demanda y no habiendo comparecido el demandado, la prueba con respecto á los derechos del demandante deberá ejercitarse con arreglo á derecho. De acuerdo con el artículo 592 de la Ley de Enjuiciamiento Civil es preciso hacer una distinción entre la confesión expresa y llana y la tácita ó presunta. Esta última tiene que ser de tal naturaleza que, revistiendo el carácter de presunción, incline al Tribunal á tener por cierto los hechos.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á ocho de Mayo de mil novecientos, en el recurso de casación por infracción de ley, pendiente ante este Tribunal, interpuesto por Don José Antonio Caparrós, vecino de Maricao, representado y defendido por el Letrado Don Herminio Díaz Navarro, en el juicio declarativo de menor cuantía, seguido contra dicho recurrente y Don Pedro Cordero, vecino también de Maricao, ante el suprimido Juzgado de 1ª Instancia de Mayagüez y después el Tribunal de Distrito de ese nombre, á virtud de demanda deducida por Don Ignacio Blas González, propietario y vecino de la mencionada Ciudad de Mayagüez, sobre resolución de un contrato de compra-venta de dos fincas; no habiendo comparecido en este Tribunal Supremo las dos partes recurridas.—Resultando: Que Don Blas González presentó en diez de Marzo de mil ochocientos noventa y ocho demanda de menor cuantía, acompañando la certificación de haber intentado el acto conciliatorio, y tres cartas, dos que la firma, dice, Antonio Caparrós, dirigidas á Don Blas González, expresando la de diez de Agosto de mil ochocientos noventa y seis, que tiene los trescientos pesos para entregarlos á cambio de la escritura de la casa que da frente á la plaza, y para la escritura de la otra dice Cordero pagará los intereses,

si quiere prorrogarle hasta Diciembre por no haberle cumplido los que debían hacerlo en Junio, suplicando pronta contestación para enviar los cuartos, no creyendo sea mal negocio tanto lo uno como lo otro por tener de esa manera colocado el dinero al uno por ciento y seguros por seguir la casa de la propiedad de González, haciéndole un gran obsequio á Caparrós por ser intereses de su suegra que quisiera tenerlos en buen orden, proponiendo en la de trece de Octubre de mil ochocientos noventa y seis el aumento de cien pesos ó sean setecientos pesos por la casa para terminar dicha operación debido á la falta de dinero de Cordero, suplicando conteste; y la tercera dirigida por el referido Caparrós en treinta de Noviembre de mil ochocientos noventa y siete á Don A. Hernández dice que las cuestiones de Tribunal cuestan muy caras, nadie se lucra y que aconseje á Don Blas se deje de eso, por convenirle aceptar la proposición, esto es, trescientos pesos por el recibo que tiene sobre el valor de las casas de seiscientos pesos.— Resultando: Que en dicha demanda solicitó González que en definitiva se declarara la resolución de la venta de dos casas objeto de la demanda, condenando á Don Antonio Caparrós y Don Pedro Cordero á dejarlas libres y expeditas á disposición del demandante, á resarcirle los daños y abono de los intereses al tipo legal, devolución de alquileres indebidamente percibidos, con las costas; y para ello alegó hacía más de dos años, convino con los demandados en venderles mancomunadamente dos casas que posee en el pueblo de Maricao pactándose la venta por mil doscientos pesos; que los compradores entregaron seiscientos pesos á cuenta del precio por cuya cantidad otorgó el vendedor resguardo que redactó Don Santiago Báez, comprometiéndose González en dicho documento á otorgar escritura de venta cuando recibiera el resto del precio convenido, cuyo documento no acompaña por estar en poder de los demandados; que los compradores no han satisfecho la parte de precio aplazada, á pesar del tiempo transcurrido, preten-

diendo desligarse de la mancomunidad contraída, disfrutando de los alquileres; siendo los fundamentos de derecho los artículos 1,100, 1,106, 1,108, 1,109, 1,224, 1,254, 1,256, 1,258, 1,278, 1,286, 1,445, 1,500, 1,501 y 1,506 del Código Civil.—Resultando: Que admitida la demanda, por no haber comparecido los demandados dentro del término señalado, fueron declarados en rebeldía á instancia del actor, con arreglo á lo determinado en el artículo 684 de la Ley de Enjuiciamiento Civil.—Resultando: Que abierto el pleito á prueba y practicada la del demandante, única propuesta, interesó: 1º La confesión en juicio, presentando al efecto dos pliegos cerrados para que, á tenor de las preguntas que los mismos contienen, declarasen los demandados que fueron citados dos veces, la segunda con apercibimiento de ser declarados confesos, sin haber comparecido; 2º La declaración del testigo Don Santiago Báez y Cruz que expresa hacía dos años redactó ó escribió un documento en el que el demandante declaraba haber recibido de los demandados seiscientos pesos á cuenta del precio convenido por la venta que el primero hizo á los últimos mancomunadamente de dos casas en Maricao, obligándose González á otorgar la escritura cuando le pagaran el resto del precio, interviniendo el declarante por habérselo suplicado los otorgantes, no pudiendo precisar la fecha en que lo hizo, quedando el documento en poder de Caparrós. —Resultando: Que el Tribunal de Distrito de Mayagüez dictó sentencia declarando con lugar la resolución de las obligaciones nacidas del contrato de venta celebrado por González, dueño de dos casas, sitas en Maricao con los demandados, condenando á éstos á dejarlas libres y expeditas á disposición de aquél en el momento en que éste les restituya los seiscientos pesos que recibió como parte del precio, así como á que los demandados satisfagan desde la fecha de la interposición de la demanda el seis por ciento de los seiscientos pesos que adeudaban al demandante con las costas á los respectivos demandados.—Resultando: Que contra esta sentencia interpuso Don Antonio Caparrós, recurso de casa-

ción por infracción de ley fundado en los casos 1º y 7º dèl artículo 1,690 de la Ley de Enjuiciamiento Civil, y las reglas 79 y 89 de la Orden General número 118, alegando: 1º Que además de la confesión judicial sólo se ha traído como prueba la declaración del testigo Báez que se limita á afirmar lo que aparece del resultando cuarto de esta sentencia, agregando que esa prueba, extraña á la confesión judicial, no era ni puede ser bastante para declararlos confesos; que no se consigna en la demanda ni en las posiciones, ni por el testigo Báez la fecha exacta ni aproximada en que se comprometieron á satisfacer Cordero y Caparrós lo que quedara adeudando, lo que tampoco se deduce de las cartas que no han sido reconocidas, ni objeto de cotejo, incurriendo el Tribunal sentenciador en errores de hecho en la apreciación de las pruebas; y al estimar vencido el precio, queda incumplido el contrato por no deducirse de autos se estableciera condición suspensiva en lo pactado.—2º Infracción de los artículos 1,218 y 1,225 del Código Civil, incurriendo en error de derecho estimando vencida la obligación y como condición suspensiva el otorgamiento de la escritura por no poderse declarar el vencimiento sin lo prevenido en el artículo 1,128 del referido Código 'y por determinar aquellos artículos el valor de los documentos públicos y privados.—3º Infracción de los artículos 1,114, 1,115, 1,128, 1,279 y 1,280 del mencionado cuerpo legal, porque en las obligaciones condicionales se contraen los deberes y se adquieren los derechos, cuando la condición se cumple, y en la de autos no quedó ninguna pendiente, ni utilizado el demandante lo preceptuado en los dos últimos artículos, para en caso de incumplimiento reclamar, ni presenta el documento creditivo del contrato, ni tiene en cuenta lo preceptuado en el artículo 1,115 citado al declarar válida la condición que considerándola tal, es nula sin que pueda reputarse vencida por el citado artículo 1,128, porque no habiéndose señalado día para su pago, ampara á sus compradores el artículo 1,500 que se ha infringido á la par que el 1,506 y 1,124 del ya expresado Código Civil.—Resultando: Que

tramitado el recurso lo sostuvo el recurrente en la vista el día señalado.—Siendo Ponente el Juez Asociado Don Juan Morera Martínez.—Considerando: Que siendo uno de los fundamentos del recurso, los errores de hecho y de derecho en la apreciación de las pruebas, motivos 1? y 2?, basados en el número 7? del artículo 1,690 de la Ley de Enjuiciamiento Civil y regla 79 de la Orden General número 118, no constando en autos más que la declaración de un solo testigo, ésta no es suficiente para apreciar los hechos en que descansa la prueba testifical, según así lo ha declarado el Tribunal Supremo en sus sentencias de treinta de Noviembre de mil ochocientos sesenta y ocho, veinte y ocho de Abril de mil ochocientos ochenta y siete y treinta de Marzo de mil ochocientos· noventa y cinco y deducirse del artículo 658 de la Ley de Enjuiciamiento Civil en consonancia con el artículo 1,248 del Código Civil al sentar aquél que "los Tribunales apreciarán la fuerza probatoria de las declaraciones," quedando sin esa prueba el hecho de si fué ó no aplazado el precio, no pudiendo deducirse tampoco de las cartas por carecer de valor y eficacia en juicio, por no haberlas reconocido los demandados como previene el artículo 603 de dicha Ley de Enjuiciamiento, ni empleado el demandante los otros medios de prueba que esa ley autoriza, á fin de justificar su legitimidad y la existencia de los hechos que contienen para ser apreciadas conforme á los artículos 608 y 658 de la referida ley, según doctrina legal del Tribunal Supremo en repetidas sentencias, entre ellas las de veinte y siete de Diciembre de mil ochocientos ochenta y uno y diez y siete de Octubre de mil ochocientos ochenta y dos, no siendo aplicable al caso el artículo 1,226 del Código Civil en su tercer apartado, porque si bien la parte solicitó la confesión en juicio y con ella el reconocimiento de las cartas, prescindiendo de que el Tribunal sentenciador no ha hecho en la parte dispositiva de la sentencia la declaración de confeso, según el artículo 592 de la repetida ley procesal, al sentar ese artículo y el 1,226

del Código Civil " que podrá ser estimada como confesión,' demuestra y evidencia la necesidad de distinguir entre la confesión expresa y llana, que releva al contrario de la prueba, de la tácita ó presunta, deducida de la negativa del litigante á comparecer ó á declarar sin evasivas, dado que ésta hay que hacerla en definitiva, revistiendo el carácter de presunción que inclina el ánimo del Tribunal á tener por ciertos los hechos que refiera, cuando hay alguna prueba sobre ellos y no resultan probados por otros medios, doctrina deducida de los artículos citados y de los 1,232, 1,235, 1,249 y 1,253 del Código Civil.—Considerando : Que de ello se desprende el ningún valor y eficacia de cada uno de los elementos de prueba aportados á este juicio, no siendo por ello preciso examinarlos en conjunto, porque ningún resultado se puede obtener y habiendo infringido el Tribunal sentenciador todas esas leyes y artículos citados deducidos del concepto del recurso, hay que sentar es procedente éste por estar comprendido en el caso 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil y en el artículo 79 de la Orden General, no siendo preciso entrar por esa causa en el tercer motivo que se alega.—Fallamos : Que debemos declarar y declaramos con lugar el recurso de casación por infracción de ley interpuesto por Don Antonio Caparrós, y en su consecuencia casamos y anulamos la sentencia que en diez de Noviembre último dictó el Tribunal de Distrito de Mayagüez, sin especial condena de costas ; y comuníquese esta resolución con la que á continuación se dicte y devolución de los autos al Tribunal sentenciador á los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la Gaceta Oficial, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo, Don Juan

Morera Martínez, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á ocho de Mayo de mil novecientos.—E. de J. López Gaztambide.